PER CURIAM.
This matter is before us on petition of the Florida Board of Bar Examiners for amendment of the Rules of the Supreme Court Relating to Admission to The Bar. Notice of the Board’s petition and of oral argument was published in the Florida Bar News, inviting responses thereto.
We approve the Board’s proposed changes and hereby adopt the amendments * appended to this order effective upon filing, with the following exceptions: (1) Scores from Multistate Bar Examinations (MBE’s), up to and including the July 1983 administration, may be transferred, provided that Florida Board of Bar Examiners’ Form 32, bearing the National Board of Bar Examiners’ scaled score, is filed by midnight, June 30, 1984; (2) The changes in article VI, section 3(e) relating to subjects testable on Part A of the General Bar Examination shall not become effective before the examination to be administered in February 1985.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.
I. Article I, Section 14, relating to the release of information, is added to the Rules:
Section 14. All information maintained bv the Board in the discharge of those responsibilities delegated to it bv the Supreme Court of Florida shall be confidential except as provided bv these Rules or otherwise authorized bv the Court. All matters including, but not limited to. registrant and applicant files, investigative reports, examination material, and inter-office memoran-da shall be the property of the Supreme Court of Florida and the Board shall serve as the custodian of all such records.
The Board is authorized to disclose the following information relating to an individual registrant, applicant or member of The Florida Bar, absent specific instructions from the Court to the contrary:
a. Upon written request from The Florida Bar for information relating to disciplinary proceedings, reinstatement proceedings or unauthorized practice of law investigations. provided, however, that information received bv the Board under a specific agreement of confidentiality or otherwise restricted bv law shall not be disclosed.
b. Upon written request from the National Conference of Bar Examiners, or from foreign bar admitting agencies, foreign bar associations, or other similar agencies, when accompanied bv an authorization and release duly executed bv the person about whom such information is sought, provided, however, that information received bv the Board under a specific agreement of confidentiality or otherwise restricted bv law shall not be disclosed.
c. Upon written request from registrants or applicants for copies of documents previously filed bv them, or on their behalf with the Board with the written consent of the party submitting such documents, and copies of anv documents or exhibits tendered to the Board at an investigative or formal hearing before the Board and the transcripts of anv such hearings.
*142 d. Upon service of a subpoena issued bv a Federal or Florida Grand Jury, or Florida State Attorney only in connection with a felony investigation, provided, however. that information otherwise restricted bv law shall not be disclosed.
II. Article III, Section 1(b), adding a definition, shall read:
b. Satisfactory evidence of graduation from a full-time accredited law school at a time when or within 12 months of such accreditation, or in the alternative, satisfactory evidence that the applicant has completed the requirements for graduation from a full-time accredited law school at a time when such law school was accredited or within 12 months of such accreditation, and that such accredited law school has or, in the alternative, will confer upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term “completed the requirements for graduation” refers to the time when completion of the requirements for graduation is recorded in the office of the law school dean or administrator. The term “accredited law school” has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools. None of the following shall be substituted for law school training:
(1) Private study, correspondence school or law office training;
(2) Age or experience;
(3) Waived or lowered standards of legal training for particular persons or groups.
III. Article III, Section 4(b), relating to review of board decisions, shall read:
b. Any applicant or student registrant who is dissatisfied with the Board’s recommendation concerning such applicant’s or registrant’s character and fitness may file an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty (60) days after receipt of the Board’s recommendation. A copy of such petition shall be served upon the Executive Director of the Board. Upon receipt of such petition, the Executive Director shall place the file and other available informa-tien record of the formal hearing with the Supreme Court, and such Justice or Justices thereof as shall be designated by the Chief Justice may interview and hear such applicant or student registrant and make such inquiry of the Board and others as shall be necessary to a decision as to whether such applicant or student registrant meets the character and fitness requirements. The Justice or Justices so designated shall make a recommendation to the Court and the final action of the Court shall be duly entered in the minutes thereof.
IV.The following changes relate to non-transfer of Multistate Bar Examination scores:
A. Article IV, Section 1(b):
b. Application for Admission to The Florida Bar (Form 1 or Form 2, as applicable).
Although the application for admission into the General Bar Examination and the application for admission to The Florida Bar are entirely independent of each other, applicants are advised that the character and fitness investigation conducted by the Board in conjunction with the Application for Admission to The Florida Bar is detailed and may require 6-8 months for all facts to be marshalled and a decision reached by the Board. Therefore, law students are encouraged to file for admission to the Bar when entering their senior year in law school to assure completion of all character and fitness related matters at the time of grade release of the first examination following graduation. All applicants are required to file fully completed questionnaires and to be responsive to Board requests for further information in order to assure orderly processing of the files.
Applications for Admission into the General Bar Examination and to The Florida Bar shall be made upon forms supplied by the Board pursuant to Article V, Section 18. Those applicants utilizing Part B (Multi-state Bar Examination-MBE)-scores from other jurisdictions must have filed with that jurisdiction as an applicant for that *143 bar — pr-ior to the administration of said MB&
Bar applications (Form 1 or Form 2) filed in a defective condition, i.e., without notarization, or supporting documents, or having blank or incomplete items on the application, shall be accepted but a fee of $20.00 as specified under Article Y, Section 4 shall be assessed.
The Application for Admission to The Florida Bar must be filed not later than 180 days from the date of the notice that success has been attained on all parts of the Florida Bar Examination (General Bar Examination and Multistate Professional Responsibility Examination — MPRE) as provided under Article VI, Section 9(b).
Note: Applications for the Multistate Professional Responsibility Examination (MPRE) are filed with the appropriate agency of the National Conference of Bar Examiners. Fees required for that administration shall be paid to the agency administering that examination.
B. Article IV, Section 4(c)(5) shall be deleted and Section 4(c)(6) shall be renumbered Section 4(c)(5) for consistency.
C. Article IV, Section 5:
Section 5. Applicants seeking postponement of their submission to Part A or Part B of the General Bar Examination or Part B-thereof if administered in Florida shall be permitted to do so upon payment of
a. a fee of $25.00 as specified under Article V, Section 13(a), if a written notice of postponement is received at least seven (7) days in advance of the commencement of the administration of such examination; or
b. a fee of $40.00 as specified under Article V, Section 13(b), if a written notice of postponement is received thereafter but preceding the deadline for filing for the next administration of such examination.
All such applicants who have previously postponed their submission to Part A or Part B of the General Bar Examination or Part B thereof if administered-in Florida must bring their applications to current status by the filing of another examination application by the deadline as specified under the provisions of Article VI, Section 5.
D. Article VI, Section 4:
Section 4. The General Bar Examination shall be administered on the last Tuesday and Wednesday of February and July of each calendar year. Part B (the-Multistate Bar — Examination—MBE)—is—presented simultaneously in the various participating states on -the last Wednesday of February and July of-each calendar year.
E. Article VI, Section 6:
Section 6. An applicant may elect to submit to the General Bar Examination by either of the following methods:
a. Method 1 (compensatory model) may be utilized only by applicants who submit to Parts A and B during the same administration of the General Bar Examination. To pass on Method 1 an applicant must have an average scaled score of 133 or better prior to July 1, 1982, and an average scaled score of 131 or better after July 1, 1982.
b. Method 2 (multiple cut off model) may be utilized only by applicants who4 submit to only one part of the General Bar Examination. To pass on Method 2 an applicant must have
(1) submitted to the Multistate Bar Examination (MBE) in another jurisdiction, received-a sealed score of not-less than 133 -pr-ior- to July 1, 1982, and a sealed score of not less than 131 after July 1, 1982, on-the Multistate Bar Examination (MBE)-aad who elected to submit to only Part A of the General-Bar Examination in Florida; or
(2) submitted to the General Bar-Examination-on a previous administration and received a scaled score of 133 or higher prior to July 1, 1982, and 131 or higher after July 1, 198⅜. on only-one-of the two parts of such examination-aad who wish-to^etake just the part previously failed-;
Applicants who elect to submit to only one part of the General Bar Examination on a given administration shall utilize Method 2 and may not combine a score *144 attained on one part from one administration with a score on the other part from a different administration. Such applicants shall have taken the Multistate Bar Examination (MBE) previously (unless, of course, the Multistate Bar Examination (M-BE-) is the only part that they are taking).
An applicant who has attained a passing scaled score on only one part and who elects to submit to the compensatory model (Method 1) of the General Bar Examination as described above shall retain such passing score on said part even though such applicant shall fail to achieve a passing score on that part on subsequent administrations.
F.Article VI, Section 7:
Section 7. Each examination paper produced by an applicant on the General Bar Examination shall be separately graded. The scores of each section of Part A shall be converted to a common scale by a recognized statistical procedure so that each section will be equally weighted. The sum of the converted section scores will be the total score for Part A. All total scores attained by the applicants on Part A shall be converted to the same distribution as their Multistate Bar Examination (MBE) scaled scores. Multistate Bar Examination (MBE) scores (Part B) are the scaled scores on the Multistate Bar Examination (MBE) provided by the National Conference of Bar Examiners. Scaled scores shall be used in order to assure that the standard of measurement of competence from examination to examination is not affected by the difficulty of the particular test or the ability of that particular group as distinguished from the general population of applicants. Papers shall be graded and credited by number and not by applicant’s name. The name of the writer of the examination paper shall not be revealed by the staff to the members of the Board or readers or any source other than the Supreme Court of Florida. Each applicant must attain a scaled score of 133 or better prior to July 1,1982, a scaled score of 131 or better after July 1, 1982, on Part A and on Part B under Method 2 and an average of 133 or better prior to July 1, 1982, and an average of 131 or better after July 1,1982, under Method 1, or such scaled score as may be fixed by the Court. If the applicant-elects-to utilize a Part B score through submission- to the Multistate Bar Examination-(M-BE) -in-an admitting jurisdiction other than-the State of Florida, a certificate-bearing the National Conference of-Bar Examiners-sealed-score-attained in that jurisdiction shall be forwarded to the Florida Board- of Bar Examiners by the admitting jurisdiction — or—the Director — of Testing (National Conference of Bar Examiners) on a form supplied for that purpose by the Florida Board of Bar Examiners (Form 32).
[The remainder of Article VI, Section 7 is unchanged.]
G. Article VI, Section 9(a):
Section 9.(a) An applicant must successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months from first submitting to any portion of the examination in Florida, or-fr-onr-the date of an examination-in-another — jurisdiction-the- score of which has been accepted in lieu of submitting in Florida, An applicant who fails four times to pass any part of the General Bar Examination or who fails to pass both the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months shall be ineligible to sit for any part of the examination until the passage of at least 1 administration of the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) from the close of the 25-month period. At the end of that period, the applicant must again successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) in their entirety regardless of whether a part has been successfully completed in the past.
H. Article VI, Section 11:
Section 11. On each date set pursuant to Article VI, Section 10, the Board shall advise all persons submitting to any part of *145 the General Bar Examination within the State of Florida at the last administration thereof, whether such person has passed or failed any or all parts of said examination. At that time those persons who have passed all parts of the examination but who have not been recommended to the Supreme Court for admission to The Florida Bar will be further advised of the status of their applications.
I. Article VI, Section 12:
Section 12. Applicants will be notified whether their Multistate Professional Responsibility Examination (MPRE) scores qualify as a passing score, and applicants submitting to Part B of the - General Bar Examination outside of the State of Florida shall-be-advised by the Board whether their scores qualify-as-passing scores.
V. Article VI, Section 3(c) is amended as it relates to subjects on Part A of the General Bar Examination and nontransfer of MBE scores:
c. The Florida Bar Examination shall consist of a General Bar Examination and the Multistate Professional Responsibility Examination (MPRE).
The General Bar Examination shall be designated as Part A and Part Br. and shall be administered only within the State of Florida.
Part A shall be of six hours’ duration and shall be composed of six one-hour segments to be promulgated by the Florida Board of Bar Examiners.
One segment shall embrace the subject of Florida Rules of Civil and Criminal Procedure, another shall embrace the subject of Florida Constitutional Law and the remaining four segments shall be selected from the following subjects including their equitable aspects:
Federal Constitutional Law
Business Entities Including Corporations and Partnerships
Wills and Administration of Estates
Trusts
Real Property
Evidence
Torts
Criminal Law
Contracts
Family Law
Part B shall consist of the Multistate Bar Examination (MBE) which is that examination offered to the several states by the National Conference of Bar Examiners and designated by that organization as the Multistate Bar Examination (MBEh: provided, however, that scores achieved by applicants on the Multistate Bar Examination administered by an admitting jurisdiction other than the State of Florida shall not be transferred to or recognized by the Board. The Multistate Professional Responsibility Examination (MPRE) shall be the examination offered to the several states by the National Conference of Bar Examiners designated by that organization as the Multi-state Professional Responsibility Examination (MPRE), which examination is administered generally three times each year throughout the country at various colleges and universities selected by the National Conference of Bar Examiners and its desig-nee.
VI. The Table of Contents is amended accordingly:
Section ARTICLE I - FLORIDA BOARD OF BAR EXAMINERS PAGE
M Release of information from applicant File 3 ARTICLE VI - EXAMINATION
12 Notification of Pass/Fail Information re MBE-an4 MPRE 15 Scores

 Added language is underlined, deleted language is lined out.